**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:41 am, Mar 26, 2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: <br> EARL C. NALLEY, JR. <br> CYNTHIA NALLEY <br><br> Debtors | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Chapter 7 Case <br> Number <u>05-11160</u> |
| WILTON CLINTON MEEKS, III, <br> PAUL AND JESSE BURKE AND <br> A. STEPHENSON WALLACE, TRUSTEE <br><br> Plaintiffs, <br><br> v. <br><br> EARL C. NALLEY, JR. <br> CYNTHIA NALLEY, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Adversary Proceeding <br> Number <u>13-01028</u> |

## <u>OPINION AND ORDER</u>

Before the Court are affirmative defenses asserted in the answer filed by Earl C. Nalley, Jr. ("Clay Nalley") and Cynthia Nalley (jointly, "the Nalleys" or "Debtors") seeking to dismiss this adversary proceeding filed by Wilton Clinton Meeks, III ("Meeks"), Paul and Jesse Burke (jointly, "the Burkes"), and A. Stephenson Wallace, the Chapter 7 Trustee ("the Chapter 7 Trustee") (jointly, "Plaintiffs"). The adversary complaint seeks declaratory relief that the 11 U.S.C. §362 stay has been violated, injunctive relief,

and transfer avoidance pursuant to 11 U.S.C. §549. This is a core matter pursuant to 28 U.S.C. §157(b)(2) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, the Court finds the transfer is void ab initio and the affirmative defenses seeking dismissal are denied.

## FINDINGS OF FACT

The Nalleys filed a joint chapter 11 petition which was subsequently converted to one under chapter 7 upon motion by the United States Trustee. Dckt. No. 35, Chap. 7 Case No. 05-11160. Through separate adversary proceedings, the Burkes and Meeks obtained nondischargeable judgments against Clay Nalley.[1] Importantly, the nondischargeable judgments are only against Clay Nalley and not Cynthia Nalley.

The Nalleys are the joint administrators and apparently the sole heirs at law of the estate of April Christy Nalley f/k/a April Shearouse, their deceased minor daughter, whose pre-petition probate estate is being administered in the Probate Court of Burke County. The probate estate has certain rights to an insurance annuity ("the Annuity") to which the Nalleys are potential

---

[1] The Burkes have a nondischargeable judgement against Clay Nalley in the amount of $39,228.27; and Meeks holds a nondischargeable judgment in the amount of $101,607.35. Adv. Proc. No. 05-1053, Dckt. No. 32; Adv. Proc. No. 05-01054, Dckt. No. 65.

2

beneficiaries. It is undisputed that whatever rights the Nalleys have in or to the Annuity and proceeds therefrom are property of the bankruptcy estate subject to allowed exemptions.

On October 21, 2008, during the pendency of the underlying chapter 7 case and without relief from the §362 automatic stay, the Superior Court of Burke County entered a divorce decree ("the divorce decree") which "approved, adopted, and incorporated by reference" a divorce settlement agreement dated August 29, 2008 reached between Clay and Cynthia Nalley. Under the section entitled "PROPERTY DIVISION," the divorce decree purports to divide the Nalleys' potential interests in the Annuity by providing:

> D. INSURANCE ANNUITY: Both parties are heirs to the Estate of April Shearouse, a minor child who has predeceased the parties in this case. The estate is being administered in the Probate Court of Burke County. An asset of the estate remains, to wit: The American General Annuity, policy No. [ ], as owned by Saint Paul Fire & Marine Insurance Co. This annuity is subject to the potential claim of A. Stephenson Wallace, Chapter 7 Trustee in Bankruptcy Case No. 05-11160 pending in the United States Bankruptcy Court for the Southern District of Georgia, Augusta Division.
>
> The annuity consists of future disbursements of: $100,000.00 payable September 30, 2010; $100,000.00 payable September 30, 2015; and $125,000.00 payable September 30, 2020. The parties have filed exemptions in their Chapter 7 Case, claiming a portion of the future disbursements as exempt. To the extent either Clay Nalley or Cynthia Nalley becomes entitled

3

>to any disbursement under the Annuity or title to the Annuity based [on] their claim of exemptions or the Trustee's abandonment of the Annuity, any such disbursement or transfer shall be considered the sole property of the Wife. To the extent that either Husband or Wife becomes entitled to receive all or part of the disbursement payable September 30, 2010, September 30, 2015, or September 30, 2020, any disbursements shall be the sole property of Cynthia Nalley. All rights, title and interest in the Annuity shall be considered the sole property of the Wife, and the Husband shall have no further interest or claim in the Annuity.

Dckt. No. 1, Ex. A, ¶D.

Previously, the Trustee filed an adversary in this Court against the Nalleys seeking to compel Debtors as co-administrators of the probate estate to execute necessary documents to transfer from the probate estate to themselves as sole heirs the future income stream from the Annuity. See Wallace v. Nalley et al., Adv. Proc. No. 06-01055, Dckt. No. 1. The Trustee amended the complaint to add insurance companies as defendants and sought a determination of the respective rights of the parties to the control and sale of the Annuity and its income stream and authorization to sell the Annuity to J.G. Wentworth. See Wallace v. Nalley et al., Adv. Proc. No. 06-01055, Dckt. No. 50. The Court granted a motion to dismiss filed by the insurance companies determining that under the probate exception, the probate court must determine the rights to the Annuity and any future payments from the Annuity and in the

4

alternative the Court abstained from considering this matter pursuant to 28 U.S.C. §1334(c). See <u>Wallace v. Nalley et al.</u>, Adv. Proc. No. 06-01055 (Bankr. S.D. Ga. March 23, 2009). Subsequently, on July 27, 2009, Debtors and the Trustee entered into a consent order dismissing the adversary proceeding without prejudice. See <u>Wallace v. Nalley et al.</u>, Adv. Proc. No. 06-01055, Dckt. No. 87.

Thereafter in December 2011, the Trustee filed a motion to compromise seeking to sell his interest in the Annuity to the Nalleys for $10,000.00. The Trustee's motion states for the Annuity's income stream to be transferred to the Nalleys and thereby become an asset the Trustee can dispose of, the administration of the probate estate must be completed and closed. Chapter 7 Case No. 05-11160, Dckt. No. 171. This requires the Nalleys to certify that all debts, including the taxes associated with the probate estate have been paid. <u>Id.</u> The Nalleys are unable to make this certification. <u>Id.</u> As a result, the motion states the Trustee recognizes the prospect that a very large tax debt would subsume this asset. <u>Id.</u> After notice, this sale was approved with the consent of the Burkes and Meeks with the caveat that the settlement was "between the Debtors and [the Trustee] only, and does not prejudice any rights of Jesse Burke, Paul Burke, and Clint Meeks against the Debtors or the Debtors' assets." <u>Id.</u>, Dckt. No. 180.

5

AO 72A
(Rev. 8/82)

Unbeknownst to the Court, the Trustee, the Burkes and Meeks at the time this order was presented, consented to, and entered, the divorce decree approving the Nalley's property settlement had been entered without relief from the §362 stay. Dckt. No. 40, Aff. of Trustee.[2] The Nalleys' bankruptcy counsel also is the counsel that presented the consent divorce decree to the Superior Court Judge in the divorce proceeding. The Nalleys have never paid the $10,000.00 to the Trustee to consummate the sale.

Then in April 2013, the Trustee again moved to abandon his interest in the Annuity citing the same reasons as set forth in his previous motion. Dckt. No. 189, Chap. 7 Case No. 05-11160, Trustee's Motion to Abandon Asset, ¶¶ 10-11. However, this time, Meeks was aware of the divorce decree's property division and objected to the abandonment and filed this complaint. Dckt. No. 195, Chap. 7 Case No. 05-11160. The Trustee and the Burkes subsequently joined in the complaint. After an expedited hearing, an order was entered granting Plaintiffs relief from the automatic stay for the limited purpose of allowing Meeks and the Burkes to record their judgments against Clay Nalley and to file notices of lis pendens against the Nalleys as to the Debtors' respective

---

[2] There is some evidence the Trustee was aware of the Debtors' divorce, but not the property settlement.

6

interest, if any, in and to the Annuity. Dckt. No. 31.

## CONCLUSIONS OF LAW

The Nalleys argue the complaint should be dismissed because: 1) the Court lacks subject matter jurisdiction under the probate exception as the Annuity is under the exclusive jurisdiction of the Probate Court of Burke County, Georgia; 2) the property transferred was not property of the bankruptcy estate, and thus there was no violation of the automatic stay and the Court lacks subject matter jurisdiction to set aside the transfer; 3) there is no injury to the bankruptcy estate so Plaintiffs lack standing; and 4) lastly, the two year statute of limitations set forth in 11 U.S.C. §549(d)(1) bars the filing of the §549 cause of action. Conversely, Plaintiffs assert the divorce decree's transfer of Clay Nalley's interest in the Annuity constitutes a violation of the automatic stay provisions of 11 U.S.C. §362 injuring the bankruptcy estate and that the statute of limitations of 11 U.S.C. §549(d) is subject to equitable tolling and therefore, the §549 cause of action is viable.

First, the Nalleys argue the probate exception requires dismissal of the complaint. The "probate exception" to federal jurisdiction bars the Bankruptcy Court's jurisdiction over the res of the Nalley's daughter's probate estate. The probate exception

7

leaves the administration of a decedent's estate to state probate courts, and prevents federal courts from disposing of property that is in the custody of a probate court. Marshall v. Marshall, 547 U.S. 293, 308 (2006)(federal courts are precluded from "endeavoring to dispose of property that is in the custody of the state probate court"). However, this adversary does not involve administrating property of the decedent's estate or disposing of property that is in the custody of the probate court. In a prior adversary proceeding, the Trustee sought to compel the Nalleys, as administrators of the probate estate, to determine the respective rights to the Annuity. See Wallace v. Nalley et al., Adv. Proc. No. 06-01055, Dckt. Nos. 1 and 50. Relevant to the current matter, this Court ruled the Trustee has the right to seek to sell any rights the bankruptcy estate has in the contingent future payments from the Annuity once those rights have been determined by the Burke County probate court. See Wallace v. Nalley et al., Adv. Proc. No. 06-01055 (Bankr. S.D. Ga. March 23, 2009). This current adversary proceeding focuses on whether the Nalleys violated the automatic stay when they entered into a property division without seeking relief from the 11 U.S.C. §362 stay and whether this was an unauthorized post-petition transfer under 11 U.S.C. §549. Specifically, the Court is determining whether the transfer of Clay

8

Nalley's contingent future interest in the Annuity and distributions therefrom was in violation of the automatic stay. As this adversary does not involve the administration of decedent's estate or the administration thereof, the narrow probate exception does not apply.

Furthermore, the complaint involves a purported violation of the automatic stay and transfer of property of the bankruptcy estate, therefore, the complaint "arises under" the Bankruptcy Code and the Court has subject matter jurisdiction to consider the issue. 28 U.S.C. §157(a). "A bankruptcy court's in rem jurisdiction permits it to 'determin[e] all claims that anyone, whether named in the action or not, has to the property or thing in question.'" Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 448 (2004) (citations omitted). Furthermore, allegations involving 11 U.S.C. §362(a) and transfer avoidance claims under 11 U.S.C. §549 are core proceedings pursuant to 28 U.S.C. §157(b)(2)(G), (H), and (O). See Divane v. A and C Elec. Co., Inc., 193 B.R. 856, 862 (N.D. Ill. 1996)("because the automatic stay is so integral to the very operation of the bankruptcy laws . . . without question 'a proceeding to prosecute a violation of the automatic stay is a core proceeding . . .'"). For these reasons, this Court has subject matter jurisdiction to consider these issues.

The next issue is whether the portion of the divorce

9

decree addressing the Annuity is a division of property of the bankruptcy estate. Section 541(a)(1) of the Bankruptcy Code provides that the bankruptcy estate contains "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). Under the expansive language of §541, "the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." Segal v. Rochelle, 382 U.S. 375, 379 (1966). The definition of property of the bankruptcy estate set forth in §541 ensures that "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative" is placed within the custody of the bankruptcy court. In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) abrogated on other grounds by Law v. Siegel, __ U.S. __, 2014 WL 813702, at *6 (March 4, 2014); see also In re Elrod, 91 B.R. 187, 189 (Bankr. M.D. Ga. 1988)(holding that any equitable interest that the debtor's wife might have had in the marital home could not vest upon the filing of a divorce decree, but rather vested in the bankruptcy estate). More particularly, "[p]roperty of the estate includes contingent interests in future payments." In re Law, 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006).

    In reviewing the pertinent language of the divorce decree,

10

the first sentence of the actual division states "[t]o the extent either Clay Nalley or Cynthia Nalley becomes entitled to any disbursement under the Annuity or title to the Annuity based [on] their claim of exemptions or the Trustee's abandonment of the Annuity, any such disbursement or transfer shall be considered the sole property of the Wife." The following sentences do not contain the same conditions as to the exemptions and abandonment, stating, "[t]o the extent that either Husband or Wife becomes entitled to receive all or part of the disbursement payable September 30, 2010, September 30, 2015, or September 30, 2020, any disbursements shall be the sole property of Cynthia Nalley. All rights, title and interest in the Annuity shall be considered the sole property of the Wife, and the Husband shall have no further interest or claim in the Annuity." Debtors' bankruptcy schedules list the income stream from the Annuity as joint property of their bankruptcy estates. Chap. 7 Case No. 05-11160, Dckt. No. 1. While abandonment revests property in the debtor, abandonment has not occurred in this case. At the time of the divorce decree, without relief from the §362 stay, Clay Nalley was attempting to transfer a contingent future interest, his interest in decedent's estate, which is a transfer of property of the bankruptcy estate. Given the broad definition of property of the bankruptcy estate, I find this provision of the divorce decree

11

is a division of property of the bankruptcy estate, and an act to exercise control thereover.

The Bankruptcy Code prohibits property division between spouses without first obtaining relief from the §362 stay which provides the Trustee and creditors with notice and an opportunity to protect their interest. 11 U.S.C. §362(b)(2)(A)(iv); see eg. In re Taub, 413 B.R. 55, 68 (Bankr. E.D.N.Y. 2009)(conditioning relief from the stay to protect creditors of the bankruptcy estate by allowing state court to determine equitable distribution up to entry of judgment but enforcement was to be made in the bankruptcy court through case administration). Certain actions are excepted from the automatic stay, including "civil action[s] or proceeding[s] . . . for the dissolution of a marriage. 11 U.S.C. §362(b)(2)(A)(iv). This exemption helps to ensure that bankruptcy courts will not "be used as a weapon in an on-going battle between former spouses." Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992)(holding that the bankruptcy court should have abstained from hearing a debtor's claim for violation of the automatic stay where the debtor's ex-wife filed a state court claim for non-payment of child support obligations). But, "to the extent that [the divorce] proceeding seeks to determine the division of property that is property of the estate" it is not excepted from the automatic stay. 11 U.S.C. §362(b)(2)(A)(iv); In re Briglevich, 147 B.R. 1015, 1019 (Bankr.

12

N.D. Ga. 1992)(holding that the portions of the post-petition divorce decree which direct any transfer of property of the bankruptcy estate violate the automatic stay and are void) citing In re Elrod, 91 B.R. 187 (Bankr. M.D. Ga. 1988).

The nondischargeable judgments against Clay Nalley attach to his assets, including his exemptions and any interest he has in the Annuity as a result of the Trustee's prospective abandonment. Without notice to the Trustee, the Court, or their creditors, the Nalleys entered into this consent divorce decree diverting Clay Nalley's interest in the Annuity to Cynthia Nalley. The result of the divorce decree as written deprives Clay Nalley's creditors, including those holding nondischargeable judgments, of this potential asset. While this is a joint chapter 7 case, the separate marital assets and debts of Mr. and Mrs. Nalley have not been consolidated. See 11 U.S.C. §302; Fed. R. Bankr. P. 1015; In re Rudd, 483 B.R. 354, 358 (Bankr. M.D. Ala. 2012)("The effect of a joint filing is to 'create[] two separate bankruptcy estates.'"); In re Hicks, 300 B.R. 372, 377-78 (Bankr. D. Idaho 2003); 2 Lawrence P. King, Collier On Bankruptcy ¶302.02[1][b], at 302-7 (16th ed. 2013). Based upon the review of the language and its effect on the bankruptcy estate, I find this provision of the divorce decree involves a division of property of the bankruptcy estate in

AO 72A
(Rev. 8/82)

violation of the §362 stay. 11 U.S.C. §362(a)(3)(prohibiting acts "to exercise control over property of the estate."); 11 U.S.C. §362(b)(2)(A)(iv)(not excepting division of property of the estate from the automatic stay); See also In re Briglevich, 147 B.R. at 1019 (finding divorce decree in violation of 11 U.S.C. §362(a)(3)).

In the current situation, the bankruptcy is not being used as a weapon between spouses, but rather, the spouses are attempting to use the divorce exception of 11 U.S.C. §362(b)(2)(A)(iv) as a weapon against Clay Nalley's creditors in favor of Cynthia Nalley's interest. To the extent that a divorce decree is being used to further "fraud, collusion, or the like," bankruptcy courts, despite the usual deference to state court divorce proceedings, "may reexamine a distribution of property and make appropriate adjustments". In re Williford, 2006 WL 3544928, at *5 (Bankr. M.D. Ala. Dec. 8, 2006); see also Carver v. Carver, 954 F.2d at 1580 ("[W]here the purposes of the automatic stay provision would clearly be served by affording a remedy for its violation, and the court would not be required to delve too deeply into family law, the court need not abstain from hearing the claim.").

In the Eleventh Circuit, transfers in violation of the §362 automatic stay are "void and without effect" or "void ab initio." Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308

14

(11th Cir. 1982)(describing violations as "void and without effect"); accord U.S. v. White, 466 F.3d 1241, 1244 (11th Cir. 2006); In re Spivey, 1998 WL 34066138, at *4 (Bankr. S.D. Ga. March 16, 1998) (holding that "[a]ny stay violation is void ab initio."). However, "[t]his is not to say that the dissolution of marriage itself is affected . . . [t]he Bankruptcy Code protects property of the bankruptcy estate and of the debtor; it does not protect the marital status of the debtor." In re Green, 1989 WL 1719956, at *4 (Bankr. S.D. Ga. Sept. 8, 1989) (holding a divorce decree void only "insofar as it deals with issues of alimony, support or division of property."); see also In re Herter, 456 B.R. 455, 476 (Bankr. D. Idaho June 21, 2011)(holding that portion of divorce decree dividing debtors' property was void ab initio in violation of the automatic stay; however divorce decree was effective to dissolve the debtors' marriage). As a result, the paragraph in controversy in this proceeding, paragraph 1(D) of the settlement agreement, labeled Insurance Annuity, alone is void. The portions of the divorce decree dissolving the marriage and all other provisions remain valid between the Nalleys.

The Nalleys also contend there is no harm or diminution to the bankruptcy estate and therefore the Plaintiffs lack standing and the Court lacks jurisdiction citing In re Wood Treaters, LLC, 491

15

B.R. 591 (Bankr. N.D. Fla. 2013). In <u>Wood Treaters, LLC</u>, the court held that the Trustee had not carried its burden at trial to show there had been a diminution to the estate by showing either the goods were not purchased for fair value or were resold at a loss by the debtor or the liquidator and therefore lacked standing. <u>Id.</u> at 601. However, in this case, there is harm. Meeks and the Burkes are subject to the automatic stay and cannot enforce their judgments without relief from the stay. 11 U.S.C. §362(a)(the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."; 11 U.S.C. §362(c)(1)("[t]he stay of an act against property of the estate . . . continues until such property is no longer property of the estate."); <u>see also</u> 11 U.S.C. §362(a)(4)(prohibiting "any act to create, perfect, or enforce any lien against property of the estate"); O.C.G.A. §9-12-81(b)(providing that entry of a money judgment on the execution docket creates a lien against the judgment debtor's property as against bona fide purchasers).

    Meeks and the Burkes have judgment liens solely against Clay Nalley and the divorce decree gives a potentially substantial asset to Cynthia Nalley without obtaining §362 relief and without

16

notice to the Trustee, the Court or the creditors. Because Meeks's and the Burkes' prior interests have been subverted by a violation of the automatic stay, they have suffered injuries that satisfy the standing requirement. See In re Ring, 178 B.R. 570, 580 (Bankr. S.D. Ga. 1995)(holding that a creditor had standing to seek a declaration that an action taken in violation of the automatic stay is void ab initio). This is a different scenario than the transfer in Wood Treaters which did not violate the automatic stay.

Lastly, the Nalleys argue the statute of limitations defense precludes the 11 U.S.C. §549 avoidance action. Because Clay Nalley's transfer of his interest in the decedent's estate is void and without effect, the Court need not address the Nalley's statute of limitations defense on the 11 U.S.C. §549 avoidance action. A statute of limitations defense under 11 U.S.C. §549(d) is inapplicable to a transfer prohibited by the automatic stay. In re Briglevich, 147 B.R. at 1019 (finding post-petition property division in divorce decree null and void and stating statute of limitations defense of §549(d) not applicable to transfers that violate the §362 stay).

For the foregoing reasons, it is therefore ORDERED that the division of property from Clay Nalley to Cynthia Nalley, set forth in paragraph 1(D) of the settlement agreement, labeled

17

AO 72A
(Rev. 8/82)

Insurance Annuity, is ORDERED void ab initio[3] and the Nalleys' affirmative defenses seeking dismissal of the complaint are ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this 26th day of March, 2014.

---

[3] The portions of the divorce decree dissolving the marriage and all other provisions remain valid between the Nalleys.